UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MADISAN ALBERS, an individual,<br><br>                Plaintiff,<br>    v.<br><br>USAA CASUALTY INSURANCE COMPANY,<br><br>                Defendant. | CASE NO. 3:22-cv-5489-RJB<br><br>ORDER ON DEFENDANT'S MOTION TO BIFURCATE AND STAY |

      This order comes before the Court on Defendant USAA Casualty Insurance Company's ("USAA") Motion to Bifurcate and Stay (Dkt. 5). The Court has reviewed the pleadings and documents filed in support of and opposition to the motion and the remaining file.

      This is an insurance coverage dispute. In the pending motion USAA moves to bifurcate the trial and stay discovery related to Plaintiff's uninsured motorist ("UIM") claim from her claims for breach of contract, negligence, bad faith, and statutory and regulatory violations (collectively "bad faith" claims). For the reasons set forth in this order, USAA's motion should be denied.

ORDER ON DEFENDANT'S MOTION TO BIFURCATE AND STAY - 1

## I. BACKGROUND

The following facts are taken from the amended complaint (Dkt. 1-3) and the parties' briefing. They are assumed to be true only for purposes of this motion.

On June 7, 2021, Plaintiff, Madisan Albers, was struck by an uninsured driver while stopped at a red light. Dkt. 1-3. She is a listed "operator" on an insurance policy issued by USAA to Holly and James Albers that includes UIM coverage for up to $300,000. *Id.*; Dkt. 5 at 2. In November 2021, Plaintiff opened a UIM claim with USAA, and the parties engaged in settlement discussions between January and March 2022. Dkt. 1-3 at 4–5. Plaintiff filed the pending lawsuit on June 6, 2022, in Pierce County Superior Court, and USAA removed the case to federal court on July 5, 2022. She brings contractual and extra-contractual claims against USAA for its handling of her UIM claim.

In the pending motion, USAA moves to bifurcate trial and discovery related to Plaintiff's UIM contract claim from her insurance bad faith claims.

## II. DISCUSSION

USAA does not demonstrate that bifurcation of either trial or discovery is warranted.

Federal Rule of Civil Procedure 42(b) provides, in relevant part, that a court may bifurcate trial "[f]or convenience, to avoid prejudice, or to expedite and economize. . . ." "Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case." *Karpenski v. Am. Gen. Life Companies, LLC*, 916 F. Supp. 2d 1188, 1190 (W.D. Wash. 2012) (quoting *Drennan v. Maryland Casualty Co.*, 366 F. Supp. 2d 1002, 1007 (D. Nev. 2005)). Similarly, a court may stay discovery for "good cause." *See* Fed. R. Civ. P. 26(c)(1). Both decisions are discretionary. *See Little v. City of Seattle*, 863 F.2d 681,

ORDER ON DEFENDANT'S MOTION TO BIFURCATE AND STAY - 2

685 (9th Cir. 1988); *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004).

In this case, bifurcating trial would not be more convenient, significantly avoid prejudice, or expedite and economize resolution. USAA argues, without merit, that bifurcation is in the interest of judicial economy because resolution of the UIM claim would moot the bad faith claims if the jury finds that damages are equal to or less than the amount USAA offered to settle. Dkt. 5 at 10 (citing *Karpenski*, 916 F. Supp. 2d at 1190). Under Washington law, however, "an insured may maintain an action against its insurer for bad faith investigation of the insured's claim and violation of the CPA regardless of whether the insurer was ultimately correct in determining coverage did not exist." *Coventry Associated v. Am. States Ins. Co.*, 136 Wn.2d 269, 279 (1998). In other words, and contrary to USAA's argument, "bad faith claims can survive a determination that the insurer was not liable on a breach of contract claim." *Grabarczyk v. Allstate Prop. & Cas. Ins. Co., Inc.*, 3:12-cv-146-RSM, 2012 WL 13019755, at *2 (W.D. Wash. Sept. 11, 2012); *see Hopkins v. Integon Gen. Ins. Co.*, No. 2:18-cv-01723-MJP, 2020 WL 1819875, at *2 (W.D. Wash. Apr. 10, 2020); *Navigators Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, No. 3:12-cv-13-MJP, 2013 WL 2155707, at *1 (W.D. Wash. May 16, 2013).

USAA's remaining arguments are also unavailing. There are inefficiencies in conducting two trials instead of one, in overlapping evidence and an overall increase in expense and time. *See Tavakoli v. Allstate Prop. & Cas. Ins. Co.*, 3:11-cv-1587-RAJ, 2012 WL 1903666, *9 (W.D. Wash. May 25, 2012); *Grabarczyk*, 2012 WL 13019755, at *2. Despite USAA's argument that bifurcation would not result in duplicate evidence because liability is not disputed and the claims are completely distinct (Dkt. 10 at 2), the same witnesses will likely testify to all claims to prove

damages and causation. Furthermore, while there is a risk that USAA may be prejudiced by presenting evidence of bad faith with the UIM claim, that risk is not significant or unique. Courts routinely try these types of cases together and risk can be mitigated through jury instructions and evidence rulings. *Campbell v. Metro. Prop. & Cas. Ins. Co.*, 3:09-cv-1611-RAJ, 2010 WL 11684459, at *3 (W.D. Wash. July 19, 2010).

Therefore, bifurcating trial is not in the interest of convenience, prejudice, or expeditious and economic resolution of the issues. Because trial should not be bifurcated, there is no reason to stay discovery. Accordingly, USAA's motion should be denied.

### III. ORDER

It is HEREBY ORDERED that:

- Defendant USAA Casualty Insurance Company's Motion **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 25th day of July, 2022.

ROBERT J. BRYAN
United States District Judge